IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Daniel Parker and Lowuan Parker**  )<br>111 35th Street, SE #202                       )<br>Washington D.C.  20019                      )<br>                                                              )<br>            **Plaintiffs,**                           )<br>                                                              )<br>         v.                                                 )<br>                                                              )<br>**Greenway Apartments L.P.**           )<br>1350 Beverly Road                             )<br>Suite 200                                              )<br>McLean, VA  22101                            )<br>                                                              )<br>Serve:      Registered Agent                )<br>                Kenneth Hance                    )<br>                1235 23rd St., N.W.              )<br>                Washington, D.C.  20037    )<br>                                                              )<br>         and                                              )<br>                                                              )<br>**E&G Property Services, Inc.**         )<br>1350 Beverly Road, Suite 200            )<br>McLean, Virginia  22101                    )<br>                                                              )<br>Serve:      Registered Agent                )<br>                Sarah T. Underwood            )<br>                4104 Military Rd., N.W.        )<br>                Washington, D.C. 20015      )<br>                                                              )<br>            **Defendants.**                         )  | Civil Action No. _____ |

## COMPLAINT

### Introduction

1.  Plaintiffs, Daniel Parker and Lowuan Parker, are tenants living in an apartment owned, managed and operated by the defendants. They bring this suit against the defendants for violating their rights to be free from housing discrimination under the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601 *et. seq.*, and the D.C. Human

Rights Act, D.C. Code §2-1401.01, *et seq*. The plaintiffs seek declaratory and injunctive relief, damages, attorneys' fees, and costs to compensate them for the harm they have suffered because of the defendants' discriminatory conduct.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 42 U.S.C. §3613(a)(1)(A) (the Fair Housing Act). Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b) in that the events and omissions giving rise to plaintiffs' claims occurred in this District.

## Parties

3. Plaintiffs, Daniel Parker and Lowuan Parker, are husband and wife and live in the Meadow Green Courts Apartments in the southeast section of the District of Columbia.

4. Plaintiff, Daniel Parker, is a person with a disability as defined under the Fair Housing Act, 42 U.S.C. § 3602(h), and, therefore, is protected under the Fair Housing Act. Plaintiff, Lowuan Parker, is a person associated with a person with a disability, and, therefore, is also protected under the Fair Housing Act.

5. At all times relevant to this Complaint, defendant Greenway Apartments L.P. ("Greenway Apartments") held record title to Meadow Green Courts Apartments located at 3539 A Street, SE, Washington D.C. Defendant Greenway Apartments L.P. is a limited partnership organized under the laws of Washington, D.C. Greenway Apartments L.P.'s principal place of business is located at 1350 Beverly Road, Suite 200, McLean, Virginia 22101. On information and belief, Greenway Apartments L.P. is owned and/or controlled by defendant E&G Property Services.

6.   Defendant E&G Property Services Inc. ("E&G Property Services") is a Delaware corporation which manages commercial and residential property. E&G Property Services' principal place of business is located at 1350 Beverly Road Suite 200 McLean, Virginia 22101. E&G Property Services currently owns and/or manages a portfolio of multifamily apartment buildings in the District of Columbia, and at all times relevant to this Complaint, owned, managed and/or operated Meadow Green Courts Apartments.

7.   At all times relevant to this Complaint, the defendants acted through their authorized agents and employees including but not limited to Monique Alston and Eulalee Fraser, resident managers of the Meadow Green Courts Apartments, and their supervisor, Sara Barnes.

**Facts**

8.   Since 1998, and pursuant to a lease agreement with defendant Greenway Apartments L.P., the Parkers have been living in apartment #202, on the second floor of a three story walk-up, which is part of a larger apartment complex that extends over several city blocks composed of a total of 470 units. The entire apartment complex is referred to as "Meadow Green Courts Apartments."

9.   To reach the Parkers' apartment, a person must walk up a flight of stairs consisting of fifteen steps.

10.  In January 2004, Mr. Parker suffered from two, consecutive massive strokes, leaving the left side of his body completely paralyzed, and requiring that he use a wheelchair or walker for mobility.

11. On March 19, 2004, while Mr. Parker was convalescing in the Hyattsville Health Care Center (a rehabilitation hospital in Hyattsville, Maryland), Ms. Parker hand-delivered to the defendants' representatives a letter written by Mr. Parker's case manager informing the defendants of Mr. Parker's medical condition, his intent to return home to his wife upon his discharge, his reliance on a wheelchair, and his need to relocate to a first floor apartment "due to safety reasons" caused by his lack of mobility.

12. Since March 2004 and through the date of the filing of this complaint (July 2005), the Parkers have made repeated requests to the defendants' representatives to relocate to a first floor apartment in their building or to an alternative accessible and safe apartment, but the defendants' representatives have not done so, and have failed to provide a meaningful and effective accommodation to meet Mr. Parker's needs.

13. Since March 2004 and through the date of the filing of this complaint (July 2005), Mr. Parker has been unable to walk up or down the stairs to or from his second floor apartment without assistance, and is unable to safely exit from the apartment building on his own.

14. Since March 2004 and through the date of the filing of this complaint (July 2005), Mr. Parker rarely leaves his apartment, and suffers mental anguish, harm, humiliation and embarrassment caused by defendants' failure to accommodate his disability with an accessible and safe apartment.

15. Mr. Parker is forty-eight years old, weighs over 300 lbs. and is six-feet two inches tall. In order for Mr. Parker to leave his second floor apartment, he must scoot down the steps on his behind, and have someone lift him up into his wheelchair when he reaches the bottom of the steps. This situation aggravates his physical and

mental health, is undignified, and causes him pain, humiliation, embarrassment, and is a loss of his dignity and self-worth.

16.  From January 2005 through mid-May 2005, the first floor unit in the Parkers' apartment building was vacant.  In January 2005 the defendants promised to make this apartment available to the Parkers when it was ready. The defendants' representatives failed to make this unit available to the Parkers despite having promised to do so, despite their knowledge of Mr. Parker's need for the unit, and despite their knowledge of his anguish and humiliation in being unable to leave or enter the building unassisted.

17.  In mid-May 2005, the defendants' representatives informed a representative of the Parkers that the Parkers would be relocated to a safe and accessible first floor two-bedroom apartment as soon as one became available.  As of the date of the filing of this complaint (July 2005), no such apartment has been provided to the Parkers, notwithstanding the fact that the apartment complex has 470 units, and the defendants own and/or manage several other apartment buildings in the District of Columbia.

18.  The Parkers' request to locate to a safe and accessible apartment tailored to meet Mr. Parker's needs is both necessary and reasonable.

19.  Defendants have no justification for not satisfying the Parkers' request to be accommodated by relocating to a safe and accessible apartment tailored to meet Mr. Parker's needs.

20.  It is neither an administrative burden nor an undue hardship for the defendants to permit the Parkers to locate to a safe and accessible apartment that is tailored to meet Mr. Parker's needs.

21. Defendants have failed to engage in the interactive process with the Parkers to address Mr. Parker's need to have a safe and accessible apartment that is tailored to meet his needs.

22. Defendants are responsible for the actions of the agents and representatives who have failed to satisfy or address the Parkers' multiple requests to be accommodated.

23. Defendants conduct in refusing to provide the Parkers with an accommodation so that Mr. Parker can have access to his apartment on his own and with dignity is intentional, malicious and constitutes reckless disregard for the law.

24. As a result of defendants' actions, the Parkers have suffered, and continue to suffer humiliation, embarrassment, mental anguish, emotional distress and a deprivation of their rights to equal housing opportunities.

## COUNT I
### (Fair Housing Act, 42 U.S.C.§3604(f)(3)(B))

25. The allegations contained in paragraphs 1 through 25 above are re-alleged and incorporated herein.

26. Under the Fair Housing Act, discrimination on the basis of handicap includes "a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B).

27. By denying the Parkers' request to locate to a safe and accessible first floor apartment, or an alternative accessible apartment tailored to meet Mr. Parker's needs, and, thereby refusing to make a reasonable accommodation, defendants are discriminating against the Parkers on the basis of handicap.

## COUNT II
### (Fair Housing Act, 42 U.S.C. §3604(d))

28. The allegations contained in paragraphs 1 through 25 above are re-alleged and incorporated herein.

29. Under the Fair Housing Act, it is unlawful discrimination to represent to any person because of race, color, national origin, religion, creed, sex, marital status, familial status, age or handicap that any dwelling is not available for rental when such dwelling is in fact so available. 42 U.S.C. §3604(d).

30. On April 5, 2005, defendants' representatives asserted that the reason for denying the Parkers' request to locate to a first floor apartment in their building was due to the unavailability of that unit. However, because the first floor apartment in the Parkers' building was in fact available for occupancy during the time that the Parkers' request for a transfer was refused, defendants' representation that the unit was not available constitutes unlawful discrimination.

## COUNT III
### (D.C. Human Rights Act, D.C. Code §2-1401.01, et seq.)

31. The allegations contained in paragraphs 1 through 25 above are re-alleged and incorporated herein.

32. Daniel Parker is an individual with a disability as defined in D.C. Code § 2-1401.02(5A) and is entitled to all of the protections, rights and remedies of Title 2-1401.01, *et seq*. of the Code of the District of Columbia (the "Human Rights Act").

33. At all times relevant hereto, defendants violated the Parkers' rights under the Human Rights Act by (i) refusing to accommodate the Parkers' request to move to an

accessible first floor apartment, and (ii) falsely representing to the Parkers that the first floor unit in their building was not available for occupancy.

34. Defendants' actions constitute violations of D.C. Code §2-1401.01, *et. seq.*, including but not limited to D.C. Code §2-1402.21, D.C. Code §2-1402.61, D.C. Code §2-1402.62 and D.C. Code §2-1402.68.

35. As a direct result of the discriminatory acts of defendants, plaintiffs have suffered the damages described herein.

## MISCELLANEOUS ALLEGATIONS

36. Plaintiffs reserve their right to amend these pleadings as necessitated by discovery.

37. Plaintiffs demand trial by jury.

**WHEREFORE,** plaintiffs, Daniel and Lowuan Parker, respectfully request that the Court grant the following relief:

(a) Declare that defendants have violated the Fair Housing Act, 42 U.S.C. § 3604 *et. seq*. and the D.C. Human Rights Act, D.C. Code §2-1401.01, *et. seq*.;

(b) Enjoin the defendants from refusing to provide the Parkers with a first floor apartment or other safe and accessible apartment so that Mr. Parker can enter and exit his apartment building on his own and with dignity;

(c) Order the defendants to provide the accommodation that Mr. Parker needs so that he may enter and exit his apartment building on his own and with dignity;

(d) Award compensatory damages to the Parkers and against defendants for the plaintiffs' humiliation, embarrassment, mental anguish, emotional distress and deprivation of their rights to equal housing opportunities;

(e) Award punitive damages to the Parkers and against defendants;

(f) Award costs and reasonable attorneys' fees; and

(g) Award such other relief as the Court deems appropriate.

Respectfully submitted,

DANIEL PARKER
LOWUAN PARKER

_____
Harvey S. Williams, Esq.
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Ave., N.W.
Suite 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904


Beth Pepper, Esq.
201 N. Charles Street
Suite 1700
Baltimore, MD 21201
Tel (410) 752-2744
Fax (410) 752-7392

Counsel for Plaintiffs